UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BENJAMIN J. WHERRY, SR., | ) | CASE NO. 1:12 CV 427 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT L. FARLEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

INTRODUCTION

On February 22, 2012, petitioner *pro se* Benjamin J. Wherry filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. A Motion to Recuse was filed on March 6, 2012. For the reasons stated below, the Motion to Recuse is denied and this action is dismissed.

BACKGROUND

Wherry was convicted in this court on January 29, 1997 of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a), and of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Wherry*, Case No. 1:96 CR 86. He was sentenced, as an armed career offender, to 235 months.

Wherry filed a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255, in February 1999, which was denied by this court. *Wherry v. United States*, No. 1:99 CV 3265. Since then, he has

filed several postjudgment motions attacking his sentence. *United States v. Wherry*, No. 1:96 CR 86 (ECF ## 86, 101 and 134). All were given due consideration and denied.

The instant 2241 petition again challenges Wherry's sentence, asserting, *inter alia*, that his presentence report was inaccurate, the sentencing guidelines were improperly applied, and he should not have been classified as an armed career offender. He seeks immediate release on those grounds.

## RECUSAL MOTION

Wherry asserts this court should recuse itself because of "personal knowledge of overwhelming evidence that Wherry would not be suffering a grave deprivation of liberty, but yet adamantly refused to adhere to the procedure and rules of administration of justice dealing with the law of the case doctrine of original case number 1:96 CR 86." (ECF # 3). This assertion, and related arguments set forth in the Motion for Recusal, basically seek recusal on the ground that this court previously denied one of Wherry's postjudgment motions, a decision with which he disagrees. This is not a proper basis for recusal.

## THE PETITION

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available

whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished dispostition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner seeks to raise issues that have or could have been raised in his previous postjudgment motions. The petition sets forth no reasonable suggestion of a proper basis on which to now raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

## CONCLUSION

Accordingly, the Motion for Recusal is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 */s/Dan Aaron Polster 3/12/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE